IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. DARYL McKINLEY ROBINSON

**Appeal from the Circuit Court for Madison County**
**Nos. 90-1212, 93-580, 93-581, and 97-790, Hon. Roy B. Morgan, Jr., Judge**

---

**No. W1999-01386-CCA-R3-CD - Decided May 4, 2000**

---

The defendant, Daryl McKinley Robinson, appeals from the trial court's revocation of his probationary sentence and order that he serve his effective 14-year, 11-month, 29-day sentence in the Department of Correction. In this appeal, he complains that the trial court erred in failing to make findings regarding whether his failure to pay fines and costs was willful or a result of lack of *bona fide* efforts to acquire the resources to pay. He further complains that the trial court erred in ordering him to serve his sentence in incarceration, rather than the Community Corrections program. Upon review, we find no abuse of discretion warranting a reversal of the court's order and therefore affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

WITT, J., delivered the opinion of the court, in which WADE, P.J., and WOODALL, J., joined.

Steve McEwen, Mountain City, Tennessee, and George Morton Googe and Stephen Spracher, Jackson, Tennessee, for the appellant, Daryl McKinley Robinson.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Counsel for the State, James G. Woodall, District Attorney General, and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Upon findings that the defendant, Daryl McKinley Robinson, violated the terms of probation by committing a new offense and failing to pay fines and costs, the Madison County Circuit Court revoked the defendant's status as a probationer and ordered him to serve the balance of the effective 14-year, 11-month, 29-day sentence in the Department of Correction. Thereafter, the defendant filed this appeal, in which he alleges the trial court erred (1) in revoking his probation without first finding that his failure to pay fines and costs was willful or that he had failed to make sufficient *bona fide* efforts to acquire the resources to pay, contrary to Bearden v. Georgia, 461 U.S. 660, 103 S. Ct. 2064 (1983) and State v. Dye, 715 S.W.2d 36 (Tenn. 1986), and (2) in imposing incarceration instead of service of the balance of the sentence in the Community Corrections program. Upon review, we agree that the trial court did not make the necessary findings under

Bearden and Dye; however, we find that shortcoming of no consequence in light of the independent, sufficient basis for revocation articulated by the trial court. Further, we see no abuse of discretion in the trial court's order requiring the defendant to serve his sentence in incarceration. Accordingly, we affirm.

The defendant before us has a lengthy history in the criminal justice system which has ultimately led to the matter before the court today. The following portions of the defendant's criminal history are pertinent to this appeal. In 1991, the defendant pleaded guilty to nine counts of forgery and was sentenced to an effective term of four years on probation in case 90-1212. In 1993, the defendant incurred two additional convictions of sale of cocaine in cases 93-580 and 93-581; he received a ten-year sentence consisting of six months in jail followed by nine years and six months in the Community Corrections program, which was to be served consecutively to case 90-1212. As part of the plea agreement for those offenses, his probation in case 90-1212 was revoked, and he was ordered to serve that sentence in the Community Corrections program. In 1994, the defendant's Community Corrections sentence was revoked in all three cases due to positive drug test results, failure to pay costs and fines, and failure to obtain employment. At some point that is not revealed in the record, the defendant apparently was returned to Community Corrections. In 1996, the defendant was transferred from the Community Corrections program to probation. In 1998, the defendant pleaded guilty to possession of marijuana and possession of drug paraphernalia in case 97-790. He received concurrent eleven month, 29-day sentences for these offenses, which were imposed consecutively to the earlier sentences in 90-1212, 93-580 and 93-581. As part of the plea agreement, the state agreed not to seek probation revocation in 90-1212, 93-580 and 93-581. In 1999, the defendant was convicted of simple possession of marijuana. His probation officer issued a violation report which charged him with failing to obey the law and failing to make payments toward his court costs and fines. At the revocation hearing, the trial court found that the defendant had committed the violations alleged, revoked probation, and ordered the defendant to serve the balance of the fourteen-year, eleven-month, 29-day sentence in the Department of Correction.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that the violation of the terms of probation has occurred. Id. at 82; State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d) (1997). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(d) (1997). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." Tenn. Code Ann. § 40-35-310 (1997). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

When the basis for revocation of a probationary sentence is failure to pay costs and fines, a court may not revoke the sentence until determining the underlying reasons why the

payment has not been made. State v. Dye, 715 S.W.2d 36, 40 (Tenn. 1986); Massey v. State, 929 S.W.2d 399, 402 (Tenn. Crim. App. 1996) (citing Bearden v. Georgia, 461 U.S. 660, 193 S. Ct. 2064 (1983)). If the nonpayment is due to willful refusal to pay or failure to make sufficient *bona fide* efforts to obtain the means to pay, then probation may be revoked. Dye, 715 S.W.2d at 40. If, on the other hand, the nonpayment stems from the probationer's inability to pay, it may not form the basis for imprisonment unless alternative measures other than incarceration are inadequate to meet the state's needs in punishment and deterrence. Id.

At the revocation hearing, the parties stipulated that the defendant had broken the law by possessing marijuana and had failed to pay his costs and fines as ordered. The evidence offered by the parties consisted solely of a report from the Jackson Area Council on Alcoholism and Drug Dependency declaring that the defendant "has a low probability of having a Substance Dependence Disorder" and the probation violation report which formed the basis for the proceeding. The only evidence addressing the defendant's failure to pay his fines and costs is found in the violation report, which simply states that the defendant "has not worked regularly in a year . . . [and] has made only 3 court payments (2/10/99, 1/25/99, 6/24/98) since 1998."

As the defendant correctly argues, the trial court's findings were deficient in failing to address the reasons for the defendant's nonpayment as required by Bearden and Dye. However, a defendant's admission that he has violated the terms of his probationary sentence alone constitutes substantial evidence of record to support the trial court's revocation order. See State v. Michael Emler, No. 01C01-9512-CC-00424, slip op. at 4 (Tenn. Crim. App., Nashville, Nov. 27, 1996) (where the defendant admits violation of the terms of probation, revocation by the trial court is not arbitrary or capricious); see also State v. Mitzi Ann Boyd, No. 03C01-9508-CC-00246, slip op. at 3 (Tenn. Crim. App., Knoxville, Nov. 1, 1996). In this case, the defendant's admission that he had committed a new criminal offense, possession of marijuana, is sufficient alone to support the revocation. With this independent basis supporting the propriety of the revocation, it is not necessary for us to analyze the effect of the trial court's failure to make the necessary findings regarding the nonpayment.

Thus, we move to the question of whether the evidence of record points to an abuse of discretion by the trial court in ordering the defendant to serve his sentences in the Department of Correction. Although the defendant argues that this alternative was too harsh a result for someone who "obviously has a substance abuse problem," the trial court found that the record does not reveal an obvious drug problem. The only indication in the record of a substance abuse problem is defense counsel's unsubstantiated assertion during argument at the revocation hearing. See, e.g., State v. Dykes, 803 S.W.2d 250, 255 (Tenn. Crim. App. 1990) (the arguments of counsel during a hearing or at trial are not evidence). To be sure, the defendant was tested by the Jackson Area Council on Alcoholism and Drug Dependency and found to have a "low probability of . . . a Substance Dependence Disorder." As a condition of probation in case 97-790, the defendant was ordered to undergo "A&D counseling" in early 1998, which calls into question his unsupported allegation that he has never received drug rehabilitation. Notwithstanding, the trial court recognized the availability of drug treatment programs in the Department of Correction and recommended in its revocation order that the Department consider

-3-

the propriety of placing the defendant in such a program.

Additionally, we feel compelled to note that the record divulges this defendant's failure in numerous attempts to abide by the law and the terms of non-incarcerative sentences imposed for the offenses under consideration. See, e.g., State v. Marsh Barham, No. 02C01-9904-CC-00128 (Tenn. Crim. App., Jackson, Oct. 6, 1999) (trial court did not abuse its discretion in revoking Community Corrections sentence and imposing incarceration, as opposed to intensive probation and drug treatment, where defendant has repeatedly failed to serve previous non-incarcerative sentences with success); State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, slip op. at 3 (Tenn. Crim. App., Nashville, Feb. 19, 1999) ("an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing"), perm. app. denied (Tenn. 1999). We conclude that the trial court acted within its discretion in ordering the defendant to serve his sentences in the Department of Correction.

The trial court's order revoking probation and imposing incarcerative sentencing is affirmed.